IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**STEVEN VICTOR BOND**                                                                                       **PLAINTIFF**

VS.                              **CASE NO. 3:04CV00273 JAM**

**DICK BUSBY, CRITTENDEN COUNTY
SHERIFF; AND JOHN AND JANE DOES, EMPLOYEES OF
THE CRITTENDEN COUNTY DETENTION CENTER**                   **DEFENDANTS**

**ORDER**

Pending before the Court is defendant Dick Busby's Motion for Summary Judgment and plaintiff's response. For the reasons stated below defendant Busby's motion is granted.

Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 contending that Busby and other members of the Crittenden County Detention Center staff violated his Eighth Amendment rights by intentionally denying or delaying access to treatment for his serious medical needs.

Defendant contends that (1) defendant Busby did not participate in defendant's medical treatment and, consequently, cannot be held liable on a vicarious liability theory for defendant's treatment; (2) that defendant Busby is entitled to qualified immunity; and (3) that plaintiff has failed to offer sufficient proof of any policy or custom of Crittenden County that was unconstitutional which is a requirement for any of the defendants to be held liable in their official capacity. Lastly defendant argues that plaintiff has failed to present any proof of a physical injury as required by 42 U.S.C. § 1997e(e).

Plaintiff was incarcerated on September 15, 2001. On September 20, 2001 he was examined by a doctor who recommended that he receive a veins Doppler test. (Pl. Ex.# 8 and

1

Def. Ex. #2.) Plaintiff told the doctor that he suffered from diabetes and hypertension, and was experiencing pain. (Def. Ex. #2)   Plaintiff received medication for his diabetes on November 1, 2001. (Pl. Ex. #1).

The record reflects that plaintiff's medications and diabetic conditions were on file with the jail from a previous arrest. (Pl. Ex. #2 & #9).  Plaintiff's wife states that she called defendant Busby the day before Thanksgiving in 2001 to complain of her husband's treatment. (Pl. Ex. #5).

Plaintiff wrote the nurse on November 30, 2001 complaining that that he had not received his high blood pressure medication or a diabetic diet. (Def. Ex. #3).  He also informed the nurse of pain and swelling in his legs and feet. (Def. Ex. #3).  Plaintiff saw the nurse on December 4, 2001 who noted on his chart that plaintiff was in pain, had swelling, did not have high blood pressure medication prescribed, and had not had his Doppler test.  (Def. Ex. #2)

Plaintiff received a medical release from the Crittenden County Detention Center on December 5, 2001.  (Def. Ex. #4).

Plaintiff was found to be disabled as of August 1, 2003 due to diabetes with peripheral neuropathy, status post surgery on the right knee, degenerative joint disease of the left ankle, bursitis of the left shoulder, and history of cellulitis in the lower extremities. (Pl. Ex. # 6).  At this same time, plaintiff's high blood pressure was described as controlled.  *Id.*

Defendant Busby will be liable in his individual capacity if he knew of plaintiff's serious medical needs[1] and deliberately disregarded it. *See Vaughn v. Greene County,* 438 F.3d 845 (8th Cir. 2006). There is no evidence that was the case. Here, plaintiff has failed to allege or offer evidence that defendant Busby had any personal involvement in any decision to deny or delay his medical treatment. *See Vaughn v. Greene County,* 438 F.3d 845 (8th Cir. 2006) (doctrine of *respondeat superior* is inapplicable to section 1983 claims).

The statement from plaintiff's wife that she called defendant Busby the day before Thanksgiving in 2001 is insufficient to establish that Busby intentionally denied or delayed treatment to plaintiff. In fact, this evidence reflects that after this phone call, and the receipt by the nurse of the note on November 30, 2001, actions were taken. Plaintiff met with a nurse on December 4, 2001 and was released for medical reasons on December 5, 2001. Any claim against Busby in his individual capacity is dismissed.

The remaining defendants who were sued in their individual as well as official capacities are shielded from liability in their individual capacities based upon their qualified immunity if " their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)

"Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." *Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006). Under the Eighth Amendment, a prisoner's rights are violated if an official intentionally denies or delays an inmate's prescribed treatment. *See*

---

[1] There is no dispute that plaintiff suffered from diabetes and high blood pressure.

*Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir.1997); *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995), *abrogation on other grounds recognized by Reece v. Groose*, 60 F.3d 487 (8th Cir. 1995) (delay in medical care constitutes cruel and unusual punishment for inmate when deprivation alleged was objectively serious and the prison official was deliberately indifferent to the inmate's health or safety).

Plaintiff's evidence is that he was denied a diabetes diet, denied his diabetes medicines for forty-one days; denied his blood pressure medicine for the duration of his incarceration, and denied a veins Doppler test.  It is disputed whether these denials were intentional.  The time between plaintiff's first examination by a doctor and his receipt of diabetes medicine raises an inference that the failure to provide medications was more than inadvertent.  *Cf. King v. Busby*, 2006 WL 122424 (Jan. 18, 2006) (unpublished).

There is also a dispute on whether plaintiff had a prescription for blood pressure medicine during the 2001 incarceration.  The notes taken by the nurse on December 4, 2001 stated that plaintiff did not have a prescription for blood pressure medication at that time.

These disputes preclude the grant of summary judgment for these defendants in their individual capacities based upon qualified immunity.

The remaining claims against Busby and the other defendants are made in their official capacities which amount to claims against Crittenden County.  *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 905 (8th Cir.1999) (official-capacity claims against police board members must be treated as claims against municipality).

To survive a summary judgment motion on these claims, plaintiff must present evidence that would raise a material issue of facts as to whether the county officials acted in accordance

with an official policy or widespread custom or practice in denying him his rights. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998) ( liability under 42 U.S.C. § 1983 exists if there is evidence that the alleged violation resulted from either an official policy or a widespread custom or practice of the city).

There is no evidence that Crittenden County had a policy of ignoring or delaying medical treatment to prisoners or pre-trial detainees. To the contrary there is evidence that Crittenden County had an inmate medical care policy which required initial health screenings and a process whereby jailors where to promptly obtain any prescribed medications in use by inmates when they were admitted to the facility. (Def. Ex. #5).

Thus, the issue becomes whether Crittenden County Detention Center had a custom of ignoring or delaying medical treatment to its inmates that would amount to violations of their rights. "A municipal custom is a practice of municipal officials that is not authorized by written law, but which is 'so permanent and well-settled ⋯ as to [have] the force of law.' " *Harris v. City of Pagedale*, 821 F.2d 499, 504 n. 7 (8th Cir. 1987).

Plaintiff was admitted into the Crittenden County Detention Center on September 15, 2001 and he did not receive his diabetes medicine until November 1, 2001. There is no evidence that he ever received medication for his high blood pressure or was given a veins Doppler test.

While plaintiff has presented evidence that, in his case, treatment for his diabetes and high blood pressure was delayed or denied, and that he suffered pain as a result of these actions, he has failed to present any evidence that Crittenden County Detention Center had a practice of routinely ignoring or delaying medical treatment to inmates. The Court notes that there is evidence in this case that on a prior incarceration in 2000 and subsequent incarceration in 2002,

plaintiff was given his medicine (Pl. Ex. #2) (Def. Ex. #2 p. 4).

The motion for summary judgment on the claims against Busby in his individual and official capacities and the claims against all the defendants in their official capacities is granted (#13).   The claims against the remaining defendants in their individual capacities are still before the Court.

With the exception of defendant Deputy Love, the remaining defendants are unnamed. Plaintiff is given up to, and including, May 6, 2006 to amend his complaint to name these John Doe defendants and to complete service.  *See* Fed. R. Civ. P. 4.   Because it has been more than 120 days since plaintiff filed his complaint, he is given notice that the Court will dismiss the action without prejudice against Deputy Love unless plaintiff can show good cause for failure to complete service upon this defendant.   Plaintiff is given up to, and including, April 20, 2006 to show good cause for failure to complete service upon Deputy Love.

Defendant Busby's motion for summary judgment is granted  (#13).

IT IS SO ORDERED THIS  6  day of April, 2006.

_____
James M. Moody
United States District Judge