IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**STEVEN VICTOR BOND**                                                                                    **PLAINTIFF**

VS.                                      CASE NO. 3:04CV00273 JMM

**DICK BUSBY, CRITTENDEN COUNTY
SHERIFF; AND JOHN AND JANE DOES, EMPLOYEES OF
THE CRITTENDEN COUNTY DETENTION CENTER**                                **DEFENDANTS**

**ORDER**

Pending before the Court is defendants' Motion for Summary Judgment and plaintiff's response. For the reasons stated below defendants' motion is granted in part and denied in part (#116).

Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 contending that defendants violated his Eighth Amendment rights by intentionally denying or delaying access to treatment for his serious medical needs while he was incarcerated in the Crittenden County Detention Center.

Defendants contend that plaintiff cannot prove that they were personally involved in his medical treatment, that plaintiff was not denied medical care, and that plaintiff has failed to present any proof of a physical injury as required by 42 U.S.C. § 1997e(e). All of the defendants except Robert Cooper have filed affidavits stating they had no personal knowledge of plaintiff's medical care or complaints.

Plaintiff has responded with proof that all of these defendants were told of his condition when he was booked into the detention center, when he saw the nurse, and when they visited his cell. There is evidence that (1) Johnson and Taylor provided him with diabetes medication and were told by plaintiff of his need for certain medicines and to check his blood sugar; (2) Shelton in his role as assistant chief jailer failed to tell anyone to take plaintiff to the hospital as instructed by a

1

doctor for a Doppler test; (3) Jeffries was told by plaintiff upon his being admitted into the Crittenden County jail of plaintiff's medical needs and where to get his medications; and (4) Brown provided him with diabetes medication.

I. *Facts*

Plaintiff was arrested and booked into the Crittenden County Detention facility on September 15, 2001.  On September 20, 2001 he was examined by a doctor who recommended that he receive a Doppler test. (Pl. Ex.# 8 and Def. Ex. #2.)  Plaintiff told the doctor that he suffered from diabetes and hypertension, and was experiencing pain. (Def. Ex. #2)   After approximately six weeks of incarceration, plaintiff received medication for his diabetes on November 1, 2001. (Pl. Ex. #1).

The record reflects that plaintiff's medications and diabetic conditions were on file with the jail from a previous arrest. (Pl. Ex. #2 and #9).  Plaintiff wrote the nurse on November 30, 2001, complaining that he had not received his high blood pressure medication or a diabetic diet. (Def. Ex. #3).  He also informed the nurse of pain and swelling in his legs and feet. (Def. Ex. #3). Plaintiff saw the nurse on December 4, 2001 who noted on his chart that plaintiff was in pain, had swelling, did not have high blood pressure medication prescribed, and had not had his Doppler test. (Def. Ex. #2).  Plaintiff was released from the Crittenden County Detention Center for medical reasons on December 5, 2001.  (Def. Ex. #4).

Plaintiff has presented evidence of his inventoried property when he was booked into the detention facility (Pl. Ex. #10 and #11) and copies of the Crittenden County Detention Center's inmate medical and mental health care policy, and medical screening sheets (Pl. Ex. #12 and #13).

II. *Analysis*

In order to survive a motion for summary judgment, plaintiff must establish a material dispute as to whether the defendants had personal knowledge of plaintiff's medical condition and whether they deliberately denied him treatment. *See Vaughn v. Greene County,* 438 F.3d 845 (8th Cir. 2006).

Summary judgment is justified if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).  In ruling on a summary judgment motion, this Court must consider the evidence in the light most favorable to the nonmoving party and give him the benefit of all reasonable inferences in the record.  *Morgan v. A.G. Edwards & Sons, Inc*., 486 F.3d 1034, 1039 (8th Cir. 2007).  "The party opposing summary judgment cannot rest solely on the pleadings, but instead must set forth specific facts showing there is a genuine issue of material fact for trial.... Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Id. (internal citations omitted).

Defendants' arguments that plaintiff was provided adequate medical care and that plaintiff has failed to present any proof of a physical injury are without merit.  The evidence is that plaintiff was denied a diabetes diet; denied his diabetes medicine for forty-one days; denied his blood pressure medicine for the duration of his incarceration; and denied a Doppler test.  There is also evidence in the record that he suffered pain as a result of being denied his medicine.

Defendants, with the exception of Cooper, have presented affidavits that they had no knowledge of plaintiff's medical problems.  Plaintiff has made specific allegations that Bonner, Brown, Cooper, Jeffries, Johnson, Shelton, and Taylor did have such knowledge, and plaintiff has specifically produced evidence as to how, and when, they gained this knowledge.  This is sufficient

to create a material dispute. *See Boswell v. County of Sherburne,* 849 F.2d 1117 (8th Cir.1988) (allegations combined with substantiating evidence sufficient to establish colorable claim of liability ). There is no proof that defendants Thomas and Williams had personal knowledge of plaintiff's medical needs.

The period of time which plaintiff was denied his medication raises an inference that the denial was more than inadvertent. *See King v. Busby*, 2006 WL 122424 (8th Cir. 2006) (unpublished) (failure to distribute prescribed blood-pressure and pain medication at least 26 times over an approximate seven month period, "without further explanation at least raises an inference, that the failure to provide . . . medication was more than an 'inadvertent failure to provide adequate medical care." ').

III. *Conclusion*

Separate defendants Thomas' and Williams' Motion for Summary Judgment is granted (#116). The complaint against those defendants is dismissed.

Because there are material facts in dispute regarding the remaining defendants' personal knowledge of plaintiff's medical condition, and whether they deliberately denied him treatment, the motion is denied as to them (#116).

IT IS SO ORDERED THIS   15   day of April, 2008.

_____
James M. Moody
United States District Judge