IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**STEVEN VICTOR BOND**                                                                                          **PLAINTIFF**

VS.                                    CASE NO. 3:04CV00273 JMM

**DICK BUSBY, CRITTENDEN COUNTY
SHERIFF; AND JOHN AND JANE DOES, EMPLOYEES OF
THE CRITTENDEN COUNTY DETENTION CENTER**                           **DEFENDANTS**

**ORDER**

Plaintiff brought an action under 42 U.S.C. § 1983 against Theresa Bonner,[1] James Brown, Margaret Jeffries, Daniel Johnson, J.C. Shelton, and William Taylor who were jailors at the Crittenden County Detention Center ("CCDC") during plaintiff's incarceration. Plaintiff contends that his Eighth Amendment rights were violated when these defendants intentionally denied him access to treatment for his serious medical needs during his incarceration by denying him hypertension medication, a diabetic diet, a veins Doppler test, and pain medication. The Court held a one-day bench trial on May 13, 2008, and now makes the following findings of fact and conclusions of law.

I. *Findings of Fact*

Plaintiff was arrested and booked into the CCDC on September 15, 2001. At that time, plaintiff told defendant Margaret Jeffries, the booking officer, that he suffered from diabetes, hypertension, and pain. He told her that he had been prescribed medication for diabetes and hypertension, and where he obtained his prescriptions. During this conversation, defendant Theresa

---

[1]The Court dismissed the claims against defendant Bonner at the close of plaintiff's claims by granting defendant's motion for dismissal.

Bonner was standing at the intake desk.

On September 20, 2001, plaintiff was examined by a CCDC doctor. At the examination plaintiff informed the doctor that he suffered from diabetes and hypertension, had been previously hospitalized with a blood clot in his right leg, and was experiencing pain in left ankle and right leg. The doctor prescribed a veins Doppler test and diabetes medication for plaintiff. Plaintiff received his diabetes medicine, but did not receive the veins Doppler test.

The Court credits defendants Johnson's and Taylor's testimony that if a prisoner has a medical complaint, the prisoner fills out a medical request which they forwarded to the nurse who would take the appropriate actions.

Plaintiff, using a prisoner to staff communication form, wrote the nurse on October 18, 2001, requesting the date when he would be sent to in-patient treatment. The nurse replied that he could seek treatment when he was released. On November 19, 2001, the plaintiff wrote the nurse to explain that he wanted to know if he had to make the appointment or if the CCDC would make the appointment. There is no record of any response. Plaintiff used a prisoner to staff communication form to write to the nurse on November 30, 2001, complaining that he had not received his hypertension medication or a veins Doppler test. He also informed the nurse of pain and swelling in his legs and feet.

Plaintiff saw the nurse on December 4, 2001 who noted on his chart that plaintiff was in pain, had swelling, did not have high blood pressure medication prescribed, and had not had his Doppler test. Plaintiff was released from the Crittenden County Detention Center for medical reasons on December 5, 2001.

Plaintiff testified that during his incarceration, he repeatedly informed defendants Brown, Johnson, Shelton, and Taylor that he needed his hypertension medication and that he was in pain.

II. *Conclusions of Law*

A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Alberson v. Norris*, 458 F.3d 762, 765-66 (8th Cir. 2006). A serious medical need is "one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 851 (8th Cir. 2006). Prison medical personnel show deliberate indifference to a prisoner's medical needs when they respond to those needs by intentionally denying or delaying access to care or interfering with prescribed treatment. *See Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002).

Plaintiff believes he should have been prescribed hypertension and pain medication by the prison doctor. Disagreement with medical treatment is not a basis for § 1983 liability. *See Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1118-19 (8th Cir. 2007). Moreover, these defendants were not the ones who made the medical decisions concerning plaintiff's course of treatment.

The evidence is that plaintiff did not receive the prescribed veins Doppler test. However, there is no evidence that these defendants in any way intentionally denied or intentionally delayed plaintiff from receiving that test.

Plaintiff testified that he was prescribed a diabetic diet, but that he never received it. There is no documentary evidence to support plaintiff's contention. Even if he were prescribed the diabetic diet, there is no evidence that these defendants intentionally denied plaintiff this diabetic diet.

Moreover, even if the Court was persuaded by plaintiff's argument that these defendants failed to follow the CCDC's policy regarding prisoners with medical problems, this failure would only amount to negligence which is insufficient to establish deliberate indifference.

As stated by the Court at the conclusion of the trial, plaintiff's claim was not frivolous, but he had a very high burden of proof which he failed to meet.

III. *Conclusion*

Judgment shall be entered in favor of defendants and plaintiff's complaint is dismissed. The Clerk of the Court is directed to terminate Robert Cooper as a defendant in this case as he is deceased (#77).

IT IS SO ORDERED THIS __19__ day of May, 2008.


_____
James M. Moody
United States District Judge